Eva LEVESQUE

v.

**Otis LEVESQUE and/or American
Employers' Insurance Company.**

Supreme Judicial Court of Maine.

Jan. 30, 1979.

Robinson, Hunt & Kriger by James S. Kriger (orally), James M. Bowie, Portland, for plaintiff.

Mitchell, Ballou & Keith by Kevin M. Cuddy (orally), John W. Ballou, Bangor, for defendants.

Before McKUSICK, C. J., and POMEROY, DELAHANTY and GODFREY, JJ.

PER CURIAM.

We are again called upon to deal with questions arising from circumstances described in *Levesque v. Levesque, et al.*, Me., 363 A.2d 951 (1976). In accordance with our order of remand in that case, the Workers' Compensation Commission conducted further proceedings in which petitioner, Eva Levesque, was permitted to present evidence in an effort to show an "oral amendment of the policy" to extend workers' compensation coverage to the farm employees of Otis Levesque. See *Levesque v. Levesque,* supra, at 953, 954. Evaluating this evidence, the Commission found that it not only failed to prove the alleged oral amendment of the policy to include farm employees but "actually negate[d] any such conclusion." The Commission therefore "reaffirm[ed] its original decision" and again ordered dismissal of the petition for award of compensation "on the jurisdictional ground that . . . [Otis] Levesque was not an assenting employer with respect to his farm employees", (petitioner having

made her claim for compensation as a farm employee). Petitioner has appealed from the pro forma judgment entered by the Superior Court affirming the Commission's determination and order.

We deny the appeal.

 Otis Levesque testified about the substance of the conversation he had with the agent of his insurance carrier that petitioner claims effectuated an oral amendment of the contract of coverage. His testimony was:

> "[W]e were talking on the policy that I had, and which was to cover my construction workers as well as my farm workers, and he [the agent] said, 'that there's a cheaper policy for you that would be better than that particular policy because it would just take care of your seasonal help, and it would be quite a bit cheaper for you.' And, at that time, where we had this all set up for masonry and farm labor, we suggested that *we would leave it for the time being and the next time that we was to renew our policy, we would pick it up on a different policy.*" (emphasis added)

This testimony plainly supports the Commissioner's finding that there had been no oral amendment of Otis Levesque's *then current* workers' compensation policy to make him an assenting employer with respect to the injury sustained by Eva Levesque.

 Moreover, absent oral amendment of the then current contract of coverage, indications of a possible coverage of farm employees derived from statements contained in the insurance carrier's "Report of Audit", made subsequent to petitioner's injury, cannot benefit petitioner's cause. The "Report of Audit" was not itself an effective amendment of the insurance policy to extend coverage to farm employees. As we carefully explained in *Levesque v. Levesque,* supra, resort could be had to the "Report of Audit" *only if* it was established that the employer, Otis Levesque, and the agent of the insurance carrier had made an independent oral amendment of the insurance contract to include farm employees; in

such event, we said that "it is conceivable . . . ." that the "Report of Audit" could show a "subsequent ratification" by the insurance carrier. (363 A.2d at 953) Now, however, the Commission has found, without error, that no such independent prior oral amendment of the contract of insurance had been made. The Report of Audit is therefore irrelevant.

The entry is:

Appeal denied.

It is further ordered that the Appellees, Otis Levesque and/or American Employers' Insurance Company pay to the petitioner, Eva Levesque, an allowance of $250.00 for her counsel fees, plus the actual reasonable out-of-pocket expenses for this appeal.

ARCHIBALD and NICHOLS, JJ., did not sit.